IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cr-00387-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TODD C. DEXTRADEUR,

    Defendant.

---

## ORDER

Before the Court is the government's motion *in limine* to exclude evidence of Defendant's "good care" of certain patients. ECF No. 94. Defendant responded in opposition. ECF No. 102. For the reasons below, the Court GRANTS in part and DENIES in part the government's motion.

### I.   LEGAL STANDARDS

#### A.   Motions *in Limine*

Motions *in limine* are intended to aid the trial process by enabling the Court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). In many cases, however, it is more appropriate to defer

such rulings until trial, allowing the Court to assess the issue based on the evidence presented. *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1387–88 (D. Kan. 1998).

The moving party carries the "burden of demonstrating that the evidence is inadmissible on any relevant ground." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, No. 17-cv-01595-CMA-NRN, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000)). Granting or denying a motion *in limine*, however, does not preclude the Court from later admitting or excluding certain evidence at trial because a "court may alter its limine ruling based on developments at trial or on its sound judicial discretion." *Id.* (quoting *First Sav. Bank*, 117 F. Supp. 2d at 1082). A ruling *in limine* does not "relieve a party from the responsibility of making objections, raising motions to strike, or making formal offers of proof during the course of trial." *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987) (citation and quotation omitted). "The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Missouri Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994).

### B.    Federal Rule of Evidence 404(b)

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). There are two notable exceptions to Rule 404(b)(1).

First, Rule 404(b) only applies to evidence that is extrinsic to the crime charged— the rule "does not cover evidence that is considered 'intrinsic.'" *United States v. Kupfer*,

797 F.3d 1233, 1238 (10th Cir. 2015) (quoting *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011)). Evidence is intrinsic when it (a) is "inextricably intertwined with the charged conduct," (b) occurs "within the same time frame as the activity in the conspiracy being charged," (c) is "a necessary preliminary to the charged conspiracy," (d) provided "direct proof of the defendant's involvement with the charged crimes," (e) is "entirely germane background information, . . . directly connected to the factual circumstances of the crime," or (f) is "necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice." *Id.* (citations and quotations omitted).

Second, extrinsic "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To properly admit Rule 404(b)(2) evidence, the Court considers whether (1) the evidence is offered for a proper purpose under Rule 404(b); (2) the evidence is relevant under Rule 401; (3) the evidence's probative value is not substantially outweighed by the potential for unfair prejudice; and (4) upon request, the court offers the jury a limiting instruction pursuant to Rule 105. *United States v. Henthorn*, 864 F.3d 1241, 1248 (10th Cir. 2017).

"Admissibility of evidence under Rule 404(b) 'involves a case-specific inquiry that is within the district court's broad discretion.'" *United States v. Henthorn*, 864 F.3d 1241, 1248 (10th Cir. 2017) (quoting *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir. 2006)).

## II. ANALYSIS

The government seeks to exclude evidence (A) that Defendant issued *authorized* prescriptions to other patients and otherwise provided "good care" to certain patients, and (B) that the DEA renewed Defendant's registration in June 2020. ECF No. 94 at 2–3. The Court addresses each in turn.

### A. Good-Care Evidence

The government alleges that Defendant knowingly issued specific prescriptions without authorization. ECF No. 68 (Superseding Indictment). The government thus argues that evidence that Defendant issued authorized prescriptions to other patients or otherwise provided them with good care is irrelevant to the charges. ECF No. 94 at 2. The Court agrees.

Several circuit courts have upheld the exclusion of similar evidence. The Seventh Circuit has observed that "[e]vidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment." *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012). The Sixth Circuit has held that, "for the same reason that prior bad acts may not be used to show a predisposition to commit crimes, prior good acts generally may not be used to show a predisposition not to commit crimes." *United States v. Daneshvar*, 925 F.3d 766, 779 (6th Cir. 2019). And the Eleventh Circuit has held that Rule 404(a)(1) excludes the use of "good-care evidence as inadmissible character evidence." *United States v. Ifediba*, 46 F.4th 1225, 1238 (11th Cir. 2022) (upholding the district court's exclusion of a physician's "good-care evidence showing that he provided legitimate medical treatment to some

4

patients"); *id.* ("[T]he government never alleged that Ifediba[, a physician,] unlawfully treated every patient who walked through CCMC's doors; indeed, it conceded that his treatment of some patients was legitimate. Thus, *it was no defense that Ifediba lawfully treated some patients*." (emphasis added)); *see also United States v. Evers*, No. 3:19-CR-250, 2022 WL 16748601, at *2 (M.D. Pa. Nov. 7, 2022) (deferring ruling but agreeing with principle that "[e]vidence related to the care Defendant provided to his patients outside the conduct charged, i.e., care provided to patients other than the three individuals identified in the Superseding Indictment, is generally irrelevant based on the relevancy principles of Federal Rules of Evidence 401 and 402").

Although the government does not cite any Tenth Circuit caselaw, the Court finds the above authority persuasive. What's more, Defendant offered no authority beyond the general principle that "Dr. Dextradeur has a qualified constitutional right to present a complete defense." ECF No. 102 at 3. That unexceptional principle does not sway the Court. *See Ifediba*, 46 F.4th at 1238 (rejecting the defendant's argument that "exclusion violated his constitutional right to present a complete defense to the charge of unlawful distribution of controlled substances").

The Court also questions how Defendant's patients could testify about Defendant's subjective belief, as Defendant contends. ECF No. 102 at 3–4. Such testimony would be inherently speculative and likely inadmissible on other grounds (e.g., hearsay).

Accordingly, the Court grants the government's motion on this issue. Defendant may revisit the issue at the close of the government's case. *See Pinon Sun Condo. Ass'n*, 2020 WL 1452166, at *3.

5

### B. The DEA's Renewal of Defendant's Registration

In June 2020, DEA Investigator Cody Lyon investigated whether it should renew Defendant's DEA registration to prescribe controlled substances. ECF No. 102 at 4. According to Investigator Lyon, at that time of his investigation, he was aware of the 2018 Colorado Medical Board Stipulation and discussed the specifics of it with Defendant before approving the renewal of Defendant's DEA registration. *Id.* The government argues that the same logic governing the good-care evidence applies to the DEA renewal of Defendant's registration in June 2020. On this issue, the Court disagrees with the government.

The parties recently entered the following stipulation concerning the Colorado Medical Board act:

(1) On December 18, 2018, Dr. Dextradeur entered into a Stipulation with the Colorado Medical Board, in which he admitted the following in connection with medical care unrelated to the patients involved in this case:

  (a) That he provided treatment for chronic pain patients from 2011 to 2017.

  (b) That he exhibited poor risk assessment of patients who were moderate to high risk of substance abuse; he did not clearly delineate that he identified patients as opioid dependent and he demonstrated a poor understanding of the management of opioid dependency; he subsequently provided high opioid management that could be dangerous.

  (c) That he prescribed doses of opioid medications higher than recommended; combined opioids, benzodiazepines, and suboxone without coordinating with a psychiatrist; and prescribed suboxone without induction with initial use. He prescribed one patient a benzodiazepine after he discovered that the patient was taking the medication illegally.

    (d)    That he failed to document regular physical examinations after initial evaluations. Subsequent follow-up rarely included physical examinations. As a result, there was a lack of correlation between escalating doses of opioids in certain cases with patients' pain complaints. He also disregarded inconsistent urine drug screens in at least two patients.

(2)    The Medical Board issued a letter of admonition and placed Dr. Dextradeur on probation for five years, and continued his medical license subject to the condition that he complete an educational program and documentation seminar through the Center for Personalized Education for Physicians and a prescribing course through Vanderbilt University.

ECF No. 98 (Joint Proposed Stipulation).

Because the joint stipulation will be admitted as evidence at trial, and because some of the prescriptions charged in this case occurred after Defendant submitted his renewal application (May 11, 2020), the Court finds that evidence concerning the DEA's June 2020 renewal is relevant and admissible. Like the Court's good-care evidence ruling, the government may renew its objection if appropriate during trial. *See Pinon Sun Condo. Ass'n*, 2020 WL 1452166, at *3.

### III.    CONCLUSION

For the reasons above, the government's motion *in limine*, ECF No. 94, is GRANTED in part and DENIED in part.

DATED this 24th day of February 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge